UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALLICIA HESTER                                CIVIL ACTION

VERSUS                                        NO: 16-16685

TARGET CORPORATION OF
MINNESOTA                                     SECTION "H"

## ORDER AND REASONS

Before the Court is Third-Party Defendant, ARC SSSDLLA001, LLC's ("ARC") Motion to Dismiss (Doc. 85). For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff Allicia Hester alleges that she suffered injury when she slipped and fell as she was entering a store owned by Defendant Target Corporation of Minnesota ("Target"). Target has filed a Third-Party Complaint against ARC, the operator of the shopping center, and its insurer, Federal Insurance Company ("Federal Insurance"). The Third-Party Complaint alleges that the Operation and Easement Agreement ("OEA") for the shopping center required ARC to maintain a liability policy for common areas and add Target as a named

1

insured. It alleges that Federal Insurance provides a policy for the common areas. Target alleges therefore that it is entitled to defense and indemnity for Plaintiff's accident under the Federal Insurance policy. It further alleges, however, that Federal Insurance has refused its tender. Target now brings a claim for defense and indemnity against Federal Insurance. It also brings claims against ARC, alleging that, "[i]n the event that Third Party Plaintiff Target was not named as a 'named insured' under the Federal Insurance Company policy by [ARC] as required by the OEA, then Target avers that Third Party Defendant [ARC] breached its agreement to do so and is responsible for Target's damages resulting from its failure to name Target as a 'named insured' and/or its failure to obtain insurance coverage as per the OEA for the common area of the mall on behalf of Target."[1]

ARC now moves for dismissal of the claims against it under Rule 12(b)(1) for lack of subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) for failure to state a claim. Oral argument was held on August 22, 2018.

## **LEGAL STANDARD**

A Rule 12(b)(1) motion challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[2] In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2)

---

[1] Doc. 77.
[2] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).

the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts.[3] "Standing and ripeness are required elements of subject matter jurisdiction and are therefore properly challenged on a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss."[4]

## LAW AND ANALYSIS

ARC argues that Target's claim against it is not ripe and thus does not present a justiciable controversy. This Court agrees. "A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical."[5] "[A] case is not ripe if further factual development is required."[6] "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review."[7]

Here, Target's claim against ARC is contingent on a finding that Target was not added as a named insured to the Federal Insurance policy. Target's Third-Party Complaint does not allege that ARC failed to add it as a named insured to the Federal Insurance policy. Instead, it alleges that Federal Insurance has declined to provide it coverage. There are any number of reasons why Federal Insurance may have rejected Target's tender for the accident at issue. Until it is determined that Federal Insurance rejected Target's tender because Target is not a named insured under the policy, then Target's breach

---

[3] Den Norske Stats Oljesels kap As v. Heere MacVof, 241 F.3d 420, 424 (5th Cir. 2001).
[4] Roman Catholic Diocese of Dallas v. Sebelius, 927 F. Supp. 2d 406, 415 (N.D. Tex. 2013).
[5] Choice Inc. of Texas v. Greenstein, 691 F.3d 710, 715 (5th Cir. 2012).
[6] *Id.*
[7] United Transp. Union v. Foster, 205 F.3d 851, 857 (5th Cir. 2000).

of contract claim against ARC for failing to add it as a named insured is not ripe. Further factual development is required. Indeed, it may be determined that Federal Insurance denied coverage for a wholly different reason, and Target's claim will never come into existence.

In its opposition, Target does not address ARC's ripeness argument but instead contends that its Complaint asserts other claims against ARC: namely, that ARC breached the OEA by failing to maintain the common areas, and that ARC owes Target defense and indemnity under the OEA regardless of whether Federal Insurance denies coverage. The assertion that the Third-Party Complaint contains these allegations is simply not supported by its text. Nowhere in the Third-Party Complaint is there any allegation that ARC failed to maintain the common area, that the OEA contains a contractual indemnity provision, or that Target is seeking indemnity from ARC. The only claim against ARC sufficiently alleged by Target in its Third-Party Complaint is one for an unripe breach of contract. Because "ripeness is a constitutional prerequisite to the exercise of jurisdiction," this Court lacks jurisdiction over Target's claim against ARC.[8]

## CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and Target's Third-Party Claims against ARC are DISMISSED. Target may amend its Third-Party Complaint within 20 days of this Order to the extent that it can remedy the deficiencies identified herein.

---

[8] Lower Colorado River Auth. v. Papalote Creek II, L.L.C., 858 F.3d 916, 922 (5th Cir. 2017).

New Orleans, Louisiana this 20th day of December, 2018.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**